```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

JAMES H. BARTLEY,
    Plaintiff,

v.                              Civil Action No. 1:10-cv-00706

MICHAEL J. ASTRUE,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,
    Defendant

                    MEMORANDUM OPINION AND ORDER

                       I.   Introduction

On August 18, 2011, U.S. Magistrate Judge R. Clarke VanDervort issued a Proposed Findings and Recommendation ("PF&R") in this matter.  Judge VanDervort recommended that the Commissioner's decision on the plaintiff's claim for Social Security and SSI disability benefits be affirmed.

The plaintiff, James H. Bartley ("Claimant"), filed applications for DIB and SSI on May 2, 2007, alleging disability as of January 31, 2006, due to severe COPD, chest pain, anxiety, and depression (Tr. at 11, 83-85, 91-93, 114).  These claims were denied initially and upon reconsideration.  (Tr. at 48-50, 53-55, 62-62, 65-67).  Claimant requested a hearing before an Administrative Law Judge (ALJ) on February 28, 2008 (Tr. at 68-

69). The hearing was held on April 15, 2009, before the Honorable Steven A. DeMonbreum. (Tr. at 22-43).

The ALJ determined that Claimant was not entitled to benefits in a decision dated June 3, 2009 (Tr. at 11-21). The ALJ's decision became the final decision of the Commissioner on March 17, 2010, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4). Claimant filed an action seeking judicial review of the administrative decision on May 4, 2010, pursuant to 42 U.S.C. § 405(g).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"). The failure of any party to file such objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1980). The Claimant filed objections to the magistrate judge's PF&R on September 2, 2011. Claimant's sole objection to the PF&R is that the ALJ committed legal error when he failed to include in his hypothetical question to the vocational expert that Mr. Bartley was limited to simple work.[1]

---

[1] Although Claimant originally challenged the Commissioner's decision by alleging it was not supported by substantial

## II.   Standard of Review

When reviewing the decision of the ALJ, the issues before the court are whether the final decision of the ALJ is supported by substantial evidence and whether the correct law was applied. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence has been defined by the Court of Appeals for the Fourth Circuit as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. at 776 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). In addition, the court must determine whether the ALJ's legal conclusions are correct. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). If the ALJ's decision is supported by substantial evidence, then the court is to accept and affirm that decision. Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981). Harmless errors do not warrant reversal of the ALJ's decision. See Patterson v. Bowe, 799 F.2d 1455, 1459 (11th Cir. 1986)(noting that where an error is harmless, there is no need to remand to the Commissioner).

---

evidence because the ALJ improperly assessed Claimant's mental residual functional capacity, Claimant did not raise this issue as an objection to the PF&R.  Thus, the only issue here is the ALJ's hypothetical questions posed to the VE.

The ALJ must provide reasons to support his decision that are based on adequate evidence within the record. Smith v. Califano, 592 F.2d 1235, 1236 (4th Cir. 1979). The court weighs four elements of proof in determining whether the ALJ's decision is supported by substantial evidence: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history and present age." Blalock, 483 F.2d at 776.

### III. Analysis

#### The Standard a Claimant Must Meet to Prove a Disability

A Claimant for disability benefits has the burden of proving a disability. 42 U.S.C. § 423(d)(5) and § 1383c(a)(3)(H)(I); Blalock, 483 F.2d at 774. A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months. . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2009). The first inquiry under the sequence is whether a claimant is currently engaged in

substantial gainful employment.  Id. at 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. at 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. at 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  If not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. at 404.1520(e), 416.920(e).

 By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry:  whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. 404.1520(f), 416.920(f)(2009).  The Commissioner must show: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.

5

McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976). Work that exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A)(2010).

## The Vocational Expert's Testimony

A vocational expert's purpose "is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform."[2] Walker v. Bowen, 889 F.2d 47, 48 (4th Cir. 1989). In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record. Id. at 48. A vocational expert's helpfulness depends on familiarity with the record: "it is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities— presumably, he must study the evidence of record to reach the

---

[2] A vocational expert will often rely upon the Dictionary of Occupational Titles (DOT), published by the U.S. Department of Labor. As defined in the DOT, Specific Vocational Preparation ("SVP") is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. *Dictionary of Occupational Titles,* U.S. Department of Labor. (1991) (Rev. 4th ed.) Washington, DC: U.S. Government Printing Office. An SVP level time of 3 means over 1 month up to and including 3 months; an SVP of 2 means anything beyond short demonstration up to and including 1 month, and an SVP of 1 means a short demonstration only. Id.

necessary level of familiarity." Id. at 51.  It is established that the questions asked of the vocational expert are to fairly set out the Claimant's impairments.  Id.  Questions posed to the vocational expert need only reflect the impairments that are supported by the record.  Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d. Cir. 1987).  Although the hypothetical questions may omit non-severe impairments, they must include those which the ALJ finds to be severe.  See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

Claimant alleges that the decision herein is not supported by substantial evidence because the ALJ failed to include in his hypothetical question to the vocational expert that he was limited to simple work. (Doc. No. 12 at 12).  Claimant asserts that a review of the jobs identified by the vocational expert, hand-packager, packager, and small parts assembler,[3] demonstrates that the only job

---

[3] In the hearing, the vocational expert identified the following jobs as medium exertional level, unskilled, and involving minimal contact with the public:

> Vocational Expert:  Your Honor, I'd say there are some jobs that would have minimal contact with the public.  And it would be an SVP two.  Let me take a look at medium, SVP two, sir.  Your Honor, I would look at hand-packager at medium, SVP two.  210,000 nationally, 4,800 in Virginia and 4,600 in West Virginia.  Also I would look at packager, and medium, SVP two, 47,000 nationally, 4,000 in Virginia and over 100 in West Virginia.  Also, I would look at assembler, 55,000

7

listed as "light" in the DOT is not limited to simple tasks.[4] Claimant notes that there are no light packager jobs in the DOT, and that the small parts assembler job has a reasoning level of two, which requires more than simple tasks. Id. at 12-13.

The vocational expert had the necessary level of familiarity with the impairments of the Claimant to assist the ALJ. The vocational expert identified the alternate jobs that a person in the Claimant's position would be able to perform, in this case hand packager, packager, or small parts assembly, and gave evidence that these jobs exist in

---

nationally, over 1,000 in Virginia and 250 in West Virginia.

(Tr. at 41). Additionally, the vocational expert identified the following jobs as having a light exertional level, and unskilled, involving minimal contact with the public:

Vocational Expert: I would look at the same type of jobs, such as hand packager, light, SVP two, [nationally] 407,000, Virginia, 9,300, West Virginia, 1,200. Packager, we're looking at 182,000 nationally, 1,400 in Virginia and then 300 in West Virginia.

(Tr. at 42).

[4] The Social Security Regulations evaluate an individual's capability by using an RFC (i.e., what work-related activities an individual can do despite the impairments), regarding exertional level. 20 C.F.R. § 404.1567(a). In Appendix 2, work in the national economy is described as sedentary, light, medium, heavy, or very heavy, using exertional capabilities, or those required to perform the primary strength activities, to identify maximum sustained work on a regular basis at the particular level of exertion. Id.

the national economy in substantial numbers. See supra footnote 3. The hypothetical questions posed to the vocational expert may have omitted non-severe impairments, but included the impairments that the ALJ found to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

The Claimant contends that a restriction of unskilled work is not the same as a restriction to simple work. Claimant finds fault with the fact that the occupations identified by the vocational expert have SVP ratings of 2. But an SVP of 1 or 2 corresponds to unskilled work as defined in the Commissioner's regulations. See Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *3 (2000) ("Using the skill level definitions in 20 C.F.R. [§§] 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2. . . . [T]he regulatory definitions of skill levels are controlling."). In this case the vocational expert offered jobs that required at most an SVP of 2, and that encompassed a job with an SVP of 1.

The ALJ's limitation to simple routine tasks involving minimal contact with the public is consistent with the regulatory definition of unskilled work. Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short

9

period of time. . . . [A] person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. §404.1568(a); SSR 83-10, 1983 WL 31251, at *7. Thus, there is no conflict between unskilled and simple work as posed in the hypothetical questions to the vocational expert, and any error the ALJ made in asking hypothetical questions involving "unskilled" work was harmless because the vocational expert identified jobs with SVP levels of 1-2, precisely what the regulations require.

The Claimant also cites in support of his contention Lucy v. Chater, 113 F.3d 905 (8th Cir. 1997), a case where an ALJ made a conclusion regarding a claimant's borderline intellectual functioning without the use of a vocational expert, and the court of appeals reversed because the ALJ should not have determined that the Claimant could engage in the full range of sedentary work without consulting an expert. However, in the case at hand, the ALJ did consult a vocational expert, the vocational expert was informed of the substantial impairments of the Claimant, and the vocational expert identified alternative jobs that exist in the national economy using her knowledge of the relevant impairments. Thus, the Commissioner met his burden of

10

proof, and the ALJ's decision was supported by substantial evidence.

For the reasons set forth above, the court **OVERRULES** the Claimant's objection to Magistrate Judge VanDervort's Proposed Findings and Recommendation. Accordingly, the court adopts his Proposed Findings and Recommendation and **ORDERS** as follows:

1. Plaintiff's motion for judgment on the pleadings is **DENIED**;

2. Defendant's motion for judgment on the pleadings is **GRANTED**;

3. The final decision of the Commissioner is **AFFIRMED**; and

4. This case is **DISMISSED** from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order counsel of record and unrepresented parties.

**IT IS SO ORDERED** on this 30th day of September, 2011.

ENTER:

David A. Faber
Senior United States District Judge